UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RICHARD THOMAS**                CASE NO. 6:24-CV-00051

**VERSUS**                        JUDGE ROBERT R. SUMMERHAYS

**USA**                           MAGISTRATE JUDGE CAROL B. WHITEHURST

### RULING AND ORDER

The present matter before the Court in this Federal Tort Claims Act case is the Motion for Partial Summary Judgment filed by plaintiff Richard Thomas. [ECF No. 11]. The United States opposes the motion. Plaintiff seeks summary judgment on the issue of medical causation arguing that "there are no factual issues related to petitioner's post–crash treatment, including the aforementioned surgeries (past and future) and past medical special [SIC] totaling $395,512.97." [ECF No. 11 at 1]. According to Plaintiff, "the only disputed issue is the cost associated with the future adjacent level back and neck surgery." [*Id.*] This matter is set for a bench trial in June 2025.

Where, as here, the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. The nonmoving party can defeat the motion by merely demonstrating the existence of a genuine dispute of material fact. "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[1] When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party

---

[1] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

1

that is uncontradicted and unimpeached."[2] "Credibility determinations are not part of the summary judgment analysis."[3]

Plaintiff's summary judgment submission includes almost 130 pages of physician affidavits, medical records, crash reports, and deposition excerpts from a responding officer. Plaintiff's motion also includes a chart of medical expenses presumably supported by the voluminous exhibits to the motion for summary judgment but not indexed to those exhibits. The United States responds that summary judgment on the limited issue of medical causation is inappropriate based in the current summary judgment record because there are genuine issues of material fact with respect to whether the Plaintiff's symptoms after the crash may have been caused, at least in part, by pre-existing degenerative conditions. The United States also argues that causation turns on the opinions of Plaintiff's medical providers and that these opinions are based, in part, on Plaintiff's statements to them as to his medical history and whether or not Plaintiff experienced symptoms from pre-existing conditions. Plaintiff's summary judgment submission does not include an affidavit from Plaintiff or a deposition transcript of Plaintiff's testimony.

The Court notes that the United States' submission opposing summary judgment is sparse, amounting to only a six-page brief with no exhibits and merely a reference to the defense expert report of Dr. Patrick Juneau--which was attached to *Plaintiff's* Motion for Partial Summary Judgment. Based on the summary judgment record, the Court concludes that there are genuine issues of material fact that are not resolved by the evidence submitted by Plaintiff. Plaintiff may ultimately prevail in proving medical causation by a preponderance of the evidence at the June 2025 bench trial, but the present record does not support removing this issue from the trier of fact.

---

[2] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[3] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

Nor would partial summary judgment facilitate or focus the trial of this matter. Accordingly, for the reasons stated above, the Motion for Partial Summary Judgment is DENIED.

THUS DONE in Chambers on this 2nd day of May, 2025.

                              ROBERT R. SUMMERHAYS
                              UNITED STATES DISTRICT JUDGE